Frank D. Paulo, S.
In this probate proceeding a copy of the citation was served on Helen Jasinski, a distributee, in the *41 County of New York, on April 23, 1963, eight- days prior to the return date of the citation. This is a timely service pursuant to subdivision 2 of section 59 of the Surrogate’s Court Act only if New York County and Richmond County are “ adjoining ” counties.
Bouvier’s Law Dictionary (Rawle’s Rev.) defines “ adjoining ” as meaning touching or contiguous as distinguished from lying near or adjacent. This definition has been applied by the courts of this State in construing other statutes (Holmes v. Carley, 31 N. Y. 289).
The Colony of New York was first divided into counties by chapter 4 of the Laws of 1683. Subsequent enactments have defined the boundaries between the various counties with greater precision. The present limits of Richmond County are set forth in the Revised Statutes of New York (part I, ch. II, tit. I, § 2, par. 4). New York County is described in section 1 of chapter 410 of the Laws of 1882. The boundary lines between New York and New Jersey are set forth in section 7 of the State law. It is apparent from these statutes that Richmond County does not touch New York County at any point. The only county adjoining Richmond County is Kings County. Richmond County is bounded on the north to a point northeast of St. George, by New Jersey and on the northeast and east by Kings County. New York County is bounded on the south by Kings County and New Jersey.
Since New York County and Richmond County are not adjoining counties this court cannot acquire jurisdiction over Helen Jasinski unless she is served with a copy of the citation at least 10 days prior to the return day.
Let supplemental citation issue.