■      DAVID R. SOKOLOV et al., Appellants, v. INCORPORATED VILLAGE OF MANORHAVEN et al., Respondents.— In a special proceeding for a judgment declaring *inter alia* that the special assessment placed on petitioners' real property for grading and paving of certain streets is illegal and that the apportionment of the assessment is unconstitutional as applied to said property, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated September 18, 1972 and made after a hearing, which dismissed the petition. Judgment reversed, on the law, without costs; the proceeding is hereby treated as a declaratory judgment action, with the petition deemed to be the complaint; and the relief therein requested is granted to the extent that the special assessment placed on petitioners' property is declared illegal and not in accordance with section 166 of the Village Law. The findings of fact below are affirmed. In our opinion the instant proceeding, styled in certain of the papers therein as a proceeding pursuant to article 78 of the CPLR, should more properly be considered a declaratory judgment action, in view of the relief sought, and accordingly we have so treated it pursuant to CPLR 103 (subd. [c]). Turning to the main question raised on this appeal, we find we are asked, in essence, to construe section 166 of the Village Law and thereafter determine whether the special assessment on petitioners' land was in accordance with or in derogation of that section. Section 166 provides in pertinent part that "No land owner shall be required to pay the expenses of grading or paving any portion of the street not adjoining such land". The respondent Board of Trustees decided that the expense of grading and paving five specified streets was to be shared equally by the village and the owners of the land adjoining the property being paved. After a public hearing, upon notice to all interested persons, the board voted to charge adjoining property owners in accordance with the assessed valuations of their properties. Under that method petitioners, whose property had only a 30-foot frontage on one of the five streets in question (the total frontage being a couple of thousand feet), was assessed $15,624.28. The total cost of the grading and paving of all five streets was in the neighborhood of $89,400. The village, as above noted, previously had assumed one-half of the total cost. Petitioners in attacking their assessment contend that they are obviously being asked to pay the expense of grading and paving the portions of their abutting street which do not adjoin their land, in derogation of the clear statutory language of section 166. Respondents contend that section 166 merely refers to the property upon which the village may assess and that section 168 of the Village Law refers to the extent to which the village may assess. Specifically, section 168 empowers the Board of Trustees to "assess upon the land the amount which it may deem just and reasonable".

It was pursuant to this section that the village made the assessments on the basis of assessed valuations. Special Term noted that although petitioners' land has a frontage of only 30 feet, it is improved with 128 apartment units, which generated substantially more traffic than the surrounding land, and that thus to assess their property in accordance with section 166 would be "grossly unfair, inequitable and disproportionate." Perhaps, somewhat unfortunately, in view of the circumstances of this case, we must " take the statute as we find it" (*People ex rel. Studebaker Corp. v. Gilchrist*, 244 N. Y. 114, 126). The applicable stautory language is clear. Section 166 enjoins the village from assessing any landowner for the expense of grading and paving any portion of a street not adjoining his land, where that expense is to be shared equally by the village and the adjoining landowners. (There are certain exceptions, but they do not appear to be relevant.) The appropriate assessment in this case is one apportioned on a basis of street frontage, as only that part of a street which fronts a parcel of land can be said to adjoin it. The word " adjoining" has been construed to mean "touching" or "contiguous" (*Matter of Ward*, 52 N. Y. 395, 397; *Holmes v. Carley*, 31 N. Y. 289, 293), as distinguished from "lying near" or "adjacent" (*Matter of Jasinski*, 39 Misc 2d 40, 41). Had the Legislature wanted assessments to be on a basis other than frontage, it would have specifically so provided (see Village Law, §§ 146-a, 280), or would not have inserted the language in section 166 which, in essence, requires assessments for grading and paving to be on the basis of frontage. If the Legislature had not specifically provided that frontage is to be the basis, in section 166, then the general provision of section 168 requiring a "just and reasonable" assessment would be applicable, as it (§ 168) is for all the other local assessments under article 5-B of the Village Law as to which assessments the statute contains no limitations or directions with respect to the apportionment of the costs of improvements (see Village Law, § 161 [crosswalks, sidewalks, curbs and gutters]; § 163 [snow and ice on sidewalks], § 164 [cleaning streets], § 165 [sprinkling streets, etc.]). Here, however, a particular statutory provision applying to a particular situation (i.e., § 166) must be given precedence over a general statutory provision (i.e., § 168). (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 238). Interestingly enough, the Legislature in enacting the new Village Law, effective September 1, 1973 (L. 1972, ch. 892, § 3), left out of the new section 6-622 (which will succeed present section 166) the provision upon which petitioners are successful in this appeal. No amendment was made at that time to present section 166. Hopkins, Acting P. J., Munder, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm.